

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536  fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida

Randi W. Kochman
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201-525-6309
Writer's Direct Fax: 201-678-6309
Writer's E-Mail: rkochman@coleschotz.com

January 25, 2017

**Via Electronic Case Filing and Hand Delivery**

The Honorable Roslynn R. Mauskopf, U.S.D.J.
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Tagaeva v. BNV Home Care Agency, Inc. et al.**
              **Civil Action No: 1:16-cv-06869(RRM)(RLM)**

Your Honor:

    This firm represents Defendant, BNV Home Care Agency Inc., ("BNV" or the "Company"), in the above-captioned putative class action. In accordance with Your Honor's Individual Rules and Practices, we write to respectfully request a pre-motion conference to address BNV's anticipated motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, BNV further requests additional time to file the dispositive motion so that BNV may have sufficient time to appear for a pre-motion conference.

**Relevant Background**

    On or about December 13, 2016, Plaintiff filed the putative class action Complaint. In brief summary, Plaintiff, who describes herself as a "non-exempt home health aide," contends that she, and others similarly situated, are current and/or former "employees" of BNV. *See* Complaint ("Compl.") [Doc. No. 1], ¶¶ 6-8, ¶¶ 14-16. Plaintiff's Complaint consists of three overlapping claims: (1) BNV violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (the "FLSA"), by failing to pay adequate overtime between January, 2015 and November, 2015; (2) BNV violated the New York Labor Law (the "NYLL") by failing to pay adequate overtime between January, 2015 and November, 2015; and (3) BNV violated the NYLL by failing to provide adequate wage statements. *See generally* Compl. [Doc. No. 1]. Plaintiff contends that as a result of these purported violations, she and others similarly situated are entitled to damages. *See id.* at p. 13.

    BNV contends that it has, in no way, violated either the FLSA or the NYLL; rather, BNV has adequately compensated Plaintiff and the purported putative class for all hours worked between the months of January, 2015 and November, 2015. BNV intends to assert a number of defenses, including, without limitation, failure to state a claim upon which relief may be granted, which is the subject of this pre-motion conference request.

Cole Schotz P.C.

The Honorable Roslynn R. Mauskopf, U.S.D.J.
January 25, 2017
Page 2

**Anticipated Motion to Dismiss Pursuant to 12(b)(6)**

Plaintiff's FLSA claim for allegedly unpaid overtime wages is barred as a matter of law because the federal regulations upon which Plaintiff relies did not take effect until **November 12, 2015**. By way of background, in or about December 2011, the Department of Labor ("DOL") proposed narrowing certain regulations to bring more domestic service workers under the ambit of the FLSA's overtime requirements (the "Regulations"). *See generally* 76 Fed. Reg. 81190-01. The effect of the changes were to remove the third party home care provider exception from the FLSA's overtime pay requirements. On or about October 1, 2013, the DOL adopted the Regulations, intending them to go into effect on January 1, 2015. Shortly before their effective date, however, the validity of the Regulations was challenged in the United States District Court for the District of Columbia. *Home Care Assocs. of Am. v. Weil*, 76 F. Supp. 3d 138, 140-43 (D.D.C. 2014) ("*Weil I*"); *see also Home Care Assoc. of Am. v. Weil*, 78 F. Supp. 3d 123 (D.D.C. 2015) ("*Weil II*"). The District Court invalidated the Regulations, and vacated them entirely. *Weil I*, 76 F. Supp. 3d at 139; *see also Weil II*, 78 F. Supp. 3d at 130. As a result, BNV, along with thousands of other industry employers, did not alter their practices to comply with the ineffective, invalidated Regulations.

In August, 2015, the Circuit Court of Appeals for the District of Columbia, however, ultimately reversed the lower court's ruling. *See Home Care Assoc. of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015), cert. denied, 136 S. Ct. 2506, 195 L. Ed. 2d 839 (2016). Thereafter, the DOL announced that the Regulations would take effect on **November 12, 2015**. *See* 80 Fed. Reg. 65646-01, p. 65646 (Department of Labor Policy Statement dated October 27, 2015). At that time, BNV altered its practices to conform to the Regulations. BNV would have altered its practices in January of 2015 *had the Regulations not been invalidated by the District Court*. However, because the Regulations were invalidated, and thus ineffective, BNV was under no legal obligation to comply with the Regulations before November 12, 2015.

This is particularly true given that the Regulations have no retroactive effect. Numerous courts have addressed this very issue, and found that, "when the district court vacated the rule before its effective date, it became a nullity and unenforceable." *Bangoy v. Total Homecare Solutions, LLC*, No. 15-573, 2015 WL 12672727, at *3 (S.D. Ohio Dec. 21, 2015) (dismissing a plaintiff's FLSA claim for overtime wages allegedly owed from January, 2015, and holding that the employer was "entitled to rely on the [Weil] decision"); *Flamer v. Maxim Healthcare Serv., Inc.*, No. 15-2070, 2015 WL 12762067, at *1 (D. Md. Oct. 26, 2015) (finding that the Regulations were effective on January 1, 2015 as a result of the DC District Court decision). BNV acknowledges that there exists a split among the courts as to the effective date, but respectfully submits that the reasoning underlying the aforementioned soundcases should prevail here. *Compare Bangoy*, 2015 WL 12672727 at *3 *with Kinkead v. Humana, Inc.*, --- F. Supp. 3d ---, No. 15-1637, 2016 WL 3950737, at *1 (D. Conn. July 19, 2016) (finding that the Regulations took effect on January 1, 2015).

In *Kinkead*, the Connecticut District Court found that notwithstanding the fact that the Regulations were vacated, once the Second Circuit reversed the District Court, the Regulations' effective date was retroactive to January 1, 2015. *Id.* at *1. Although the Court certified its own decision as "final" for appeal purposes, specifically citing the foregoing split in authority, the Second Circuit declined to hear the *Kinkead* decision as an interlocutory appeal at this time. The *Kinkead* holding should not stand, however. Indeed, requiring an employer to comply with ineffective regulations on the chance that they may someday be rendered effective runs afoul of the principles of fairness. *See generally Landgraf v. Usi Film Prods.*, 511 U.S. 244, 265, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994) ("Elementary considerations of fairness dictate that individuals should have

Cole Schotz P.C.

The Honorable Roslynn R. Mauskopf, U.S.D.J.
January 25, 2017
Page 3

an opportunity to know what the law is and to conform their conduct accordingly[.]"). Thus, because the Regulations were not in effect at the time that Plaintiff alleges BNV allegedly violated them, Plaintiff fails to state a claim upon which relief can be granted.

In light of these deficiencies in Plaintiff's federal claim, Plaintiff lacks any jurisdictional hook for her state law claims, a situation warranting their dismissal. As is set forth in 28 U.S.C. § 1367(c)(3), "…district courts may decline to exercise supplemental jurisdiction" over any state law claims if, "(3) the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). This is particularly true "where the federal claims are dismissed before trial[.]" *N.Y. Mercantile Exchange, Inc. v. IntercontinentalExchange, Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) (citation and quotations omitted). In addition, Plaintiff does not allege that BNV failed to pay overtime at one and a half times the minimum wage as required by the NYLL, only that the overtime rate paid was below one and one half times the "regular rate" of pay (see Complaint). Thus, the NYLL claims also fail because they are dependent on the success of the FLSA claim. In light of the foregoing, and given that the dismissal of Plaintiff's federal claim is warranted, the Court should exercise its jurisdictional discretion and dismiss Plaintiff's state law claims as well.

**Request for An Extension of Time To File A Dispositive Motion**

Federal Rule of Civil Procedure 6(b)(1) provides, in relevant part, that a "court may, for good cause shown, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" FED. R. CIV. P. 6(b)(1)(A). Accordingly, pursuant to Rule 6(b)(A), BNV respectfully requests that the Court extend the time within which BNV is required to file the anticipated motion pursuant to a briefing schedule acceptable to the Court and the parties.

There is sufficient good cause to warrant this extension. First and foremost, BNV seeks this extension in order to comply with the Court's preference regarding pre-motion conferences. As set forth in Rule III.A.2 of Your Honor's Individual Rules and Practices, the Court requires pre-motion conferences in advance of any "dispositive motion" practice. As is further set forth in Rule III.A.3, "[i]f a party wishes to make a motion of the type listed in Rule III.A.2 before filing its answer, that party shall simultaneously request an extension of its time to answer when a pre-motion conference is requested." Second, BNV has not unduly delayed in bringing this request. Finally, Plaintiff will not be prejudiced by a *de minimis* extension of time.

**Conclusion**

For the reasons set forth herein, BNV respectfully requests that the Court convene a pre-motion conference, at the Court's earliest convenience, to discuss the foregoing and grant an adjournment of BNV's time to respond to the Complaint which is presently January 31, 2017. As always, the Court's time and attention to these matters are greatly appreciated.

Respectfully submitted,

COLE SCHOTZ P.C.
/S/
RANDI W. KOCHMAN

53368/0007-14066506v1
January 25, 2017