UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
NODIRA TAGAEVA; KHALIMA DEKHKANOVA;
and NAZOKAT ATAKHANOVA,

                  Plaintiffs,

- against -

BNV HOME CARE AGENCY, INC.,

                  Defendant.
--------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**
16-CV-6869 (RRM) (RLM)

Plaintiffs Nodira Tagaeva, Khalima Dekhkanova, and Nazokat Atakhanova bring this

putative class action against their employer BNV Home Care Agency, Inc. ("BNV"), alleging

violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New

York Labor Law, Art. 6 §§ 190–99, and Art. 19 §§ 650–55 (the "NYLL"). Plaintiffs seek to

hold BNV liable for its failure to pay them and other home health aides overtime between

January 1, 2015 and November 12, 2015. (Compl. (Doc. No. 1).) BNV claims that the rule

entitling the plaintiffs to overtime went into effect only in November 2015, and, accordingly,

filed a motion to dismiss. (Def. Mot. (Doc. No. 11).) The plaintiffs argue, by contrast, that the

rule went into effect on January 1, 2015. (Pl.'s Rep. (Doc. No. 13).) The Court agrees with the

plaintiffs, and, therefore, denies BNV's motion to dismiss. In addition, the plaintiffs ask the

Court to exercise supplemental jurisdiction over their NYLL claims. Because both the federal

and state labor law claims arise out of the plaintiffs' employment with BNV, the Court will

exercise its supplemental jurisdiction over the NYLL claims.

## BACKGROUND

Plaintiffs are home health aides, who were employed by BNV in January 2015. Tagaeva

was employed at BNV until October 2015; Dekhkanova until October or November 2015; and

Atakhanova until August or September 2015. (Compl. at ¶¶ 18, 21, 24.) Plaintiffs allege that they worked in excess of 40 hours per week, but did not receive one and one-half times their regular pay as overtime compensation. (*Id.* at ¶¶ 20, 23, 26.) The issue before the Court is whether the rule entitling the plaintiffs to overtime compensation under the FLSA was in effect between January and November 2015. Because the question is a legal one, what follows is a recitation of the relevant statutory and regulatory framework.

Section 207 of the FLSA requires employers to pay their employees overtime compensation whenever employees work more than 40 hours per week. 29 U.S.C. § 207(a)(1). However, the FLSA also provides several exemptions to this requirement. Relevant here, the FLSA exempts from overtime eligibility "any employee employed in domestic service employment to provide companionship services for individuals who . . . are unable to care for themselves." 29 U.S.C. § 213(a)(15). Until 2013, this exemption applied to all home health aides employed by third parties, unless they could show that their general housework duties exceeded 20% of their total weekly hours. *See, e.g., Cowell v. Utopia Home Care, Inc.*, No. 14-CV-736 (LDW) (SIL), 2016 WL 4186976, at *4 (E.D.N.Y. Aug. 8, 2016).

Then, in 2013, the law changed. After a notice and comment period, the Department of Labor (the "DOL") issued a new regulation (the "DOL Regulation" or "Third-Party Employer Rule"), which removed third-party employees from the exemption. The DOL Regulation states that "[t]hird party employers of employees engaged in companionship services . . . may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15)." 29 C.F.R. § 552.109(a). Therefore, under the new DOL Regulation, home health aides are entitled to the FLSA's minimum wage and overtime compensation guarantees when they are employed

by a third-party employer, rather than by the person to whom they provide their services. The Third-Party Employer Rule was to go into effect on January 1, 2015. 78 Fed. Reg. 60454–01.

Before the effective date, however, a group of home health care trade associations challenged the Third-Party Employer Rule in the D.C. District Court, arguing that the DOL had overstepped its rulemaking authority. *See Home Care Ass'n of Am. v. Weil (Weil I)*, 76 F. Supp. 3d 138 (D.D.C. 2014), *rev'd*, 799 F.3d 1084 (D.C. Cir. 2015). In December 2014, the District Court invalidated the regulation. *Id.* at 147–48. The DOL appealed, and on August 21, 2015, a unanimous panel of the D.C. Circuit found that the DOL had acted within its authority, and reversed the District Court. *Home Care Ass'n of Am. v. Weil (Weil II)*, 799 F.3d 1084, 1087 (D.C. Cir. 2015). The Court's mandate issued on October 13, 2015.

In the wake of the D.C. Circuit's *Weil II* opinion, the DOL published several comments about its enforcement of the Third-Party Employer Rule. On September 14, 2015, it issued a policy statement alerting the public that it would not bring enforcement actions against employers for violations of the regulations until "30 days after the date the Court of Appeals issues a mandate making its opinion effective." Application of the Fair Labor Standards Act to Domestic Service; Announcement of 30-Day Period of Non-Enforcement, 80 Fed. Reg. 55,029 (Sept. 14, 2015). The DOL noted in the same statement that the effective date of the Third-Party Employer Rule remained January 1, 2015. *Id.* On October 27, 2015, the DOL published another piece of guidance, identifying November 12, 2015 – 30 days after the mandate – as the last day of its non-enforcement period. *See* Application of the Fair Labor Standards Act to Domestic Service; Dates of Previously Announced 30-Day Period of Non-Enforcement, 80 Fed. Reg. 65,646 (Oct. 27, 2015).

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

## DISCUSSION

In order for the plaintiffs to state a claim for overtime wages based on the DOL's Third-Party Employer Rule, they must allege that the rule was in effect prior to November 2015, and that therefore they are entitled to overtime pay under the FLSA. BNV moves to dismiss the complaint, arguing that the Third-Party Employer Rule did not go into effect until 30 days after the mandate issued from the D.C. Circuit. (Def. Mot. at 5.) The plaintiffs argue, by contrast, that the DOL Regulation went into effect on January 1, 2015 because the D.C. Circuit's opinion applies retroactively. (Pl.'s Rep. at 1.)

Though the Second Circuit has yet to rule on this precise question, the Court does not write on a blank slate. Instead, numerous district courts have addressed this very issue, and both the Second Circuit and the Supreme Court have decided cases that pose analogous questions about the retroactive effect of judicial opinions. As a court in our Circuit has noted, "[t]he great

4

majority of courts have found that the DOL Regulation was effective as of January 1, 2015." *De Carrasco v. Life Care Servs., Inc.*, No. 17-CV-5617 (KBF), 2017 WL 6403521, at *4 (S.D.N.Y. Dec. 15, 2017); *see also Green v. Humana at Home*, No. 16-CV-7586 (AJN), 2017 U.S. Dist. LEXIS 162961, at *10 (S.D.N.Y. Sept. 29, 2017); *Hypolite v. Health Care Servs. of New York*, 256 F. Supp. 3d 485 (S.D.N.Y. 2017); *Dillow v. Home Care Network, Inc.*, No. 16-CV-612 (TSB), 2017 WL 749196 (S.D. Ohio Feb. 27, 2017); *Cummings v. Bost, Inc.*, 218 F. Supp. 3d 978 (W.D. Ark. 2016); *Collins v. DKL Ventures, LLC*, 215 F. Supp. 3d 1059 (D. Colo. 2016); *Kinkead v. Humana, Inc.*, 206 F. Supp. 3d 751 (D. Conn. 2016); *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, 215 F. Supp. 3d 805 (S.D. Iowa 2016).

Only a handful of courts have ruled the other way, as BNV now asks this Court to do. *See Sanchez v. Caregivers Staffing Servs., Inc.*, No. 15-CV-1579 (CMH), 2017 WL 380912 (E.D. Va. Jan. 26, 2017) (finding that the District Court's ruling created a "legal nullity, which prevented the DOL rule from becoming effective until the D.C. Circuit's opinion was made effective with its October 13, 2015 mandate"); *Bangoy v. Total Homecare Solutions, LLC*, No. 15-CV-573 (SSB), 2015 WL 12672727 (S.D. Ohio Dec. 21, 2015); *Flamer v. Maxim Healthcare Servs. Inc.*, No. 15-CV-2070 (JFM), 2015 WL 12762067 (D. Md. Oct. 26, 2015).

As explained below, this Court agrees with the majority of courts to have addressed the issue, and finds that the effective date of the DOL Regulation was January 1, 2015. Accordingly, BNV's motion to dismiss is denied.

## I.      Presumption of Retroactivity

BNV asks the Court to find that *Weil II* has only prospective effect, such that the DOL Regulation went into effect only after the D.C. Circuit issued its opinion. It is a "well-established rule that judicial decisions are presumptively retroactive in their effect and

operation." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). In *James B. Beam Distilling Co. v. Georgia*, the Supreme Court acknowledged the harshness of the purely retroactive rule – that parties may be penalized for relying on the old rule – but nevertheless found that the "applicability of rules of law is not to be switched on and off according to individual hardship." 501 U.S. 529, 543 (1991). If a court of appeals overrules a district court, then that district court decision is rendered a legal nullity as if it had never been decided. *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91 (2d Cir. 2009); *accord Green*, 2017 U.S. Dist. LEXIS 162961, at *10–11. Given the overwhelming presumption of retroactivity post-*Beam*, "[t]his case presents nothing out of the ordinary when it comes to the authority of a Court of Appeals to render null and void decisions of the district court with which it disagrees." *Lewis-Ramsey*, 215 F. Supp. at 810. The effective date of the DOL Regulation remains January 1, 2015.[1]

BNV argues that the Court "should consider the retroactivity analysis contained in *Chevron Oil v. Huson*, 404 U.S. 97 (1971)," which sets out three factors to consider when deciding whether an opinion should be decided retroactively. (Def. Mot. at 4.) The Supreme Court, however, has significantly narrowed *Chevron Oil*, and has since held that unless a court expressly reserves the question of retroactivity, its decision "is properly understood to have followed the normal rule of retroactive application." *Harper*, 509 U.S. at 97 (quoting *Beam*, 501 U.S. at 539). BNV has not alleged, nor has the Court found, that *Weil II* explicitly leaves open the question of retroactivity. Accordingly, *Chevron Oil* is inapposite, and the standard presumption of retroactivity applies here.

---

[1] BNV maintains that retroactivity violates "well-established legal principles," and cites to *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). BNV appears to confuse the retroactivity of judicial interpretations with the retroactivity of statutes and regulations. The latter is indeed an anomaly, while the former is routine.

BNV further maintains that retroactivity does not apply because the DOL Regulation was not yet in effect when the D.C. District Court rendered it a legal nullity. BNV relies exclusively on *MCI Telecommc'n Corp v. GTE Northwest Inc.*, 41 F. Supp. 2d 1157 (D. Or. 1999), to draw this distinction between applying a new interpretation of law and applying a substantive regulation that was never in effect. Several courts, including two in this circuit, have rejected the distinction drawn in *MCI*. *See Hypolite*, 256 F. Supp. 3d at 494; *Green*, 2017 U.S. Dist. LEXIS 162961 at \*20; *GTE South, Inc. v. Morrison*, 199 F.3d 733, 740–41 (4th Cir. 1999); *U.S. W. Commc'ns, Inc. v. Jennings*, 304 F.3d 950, 956–58 (9th Cir. 2002). Both the Fourth and Ninth Circuits relied on *Harper* and other Supreme Court cases, upholding the presumption of retroactivity, to reject the proposition that FCC regulations went into effect only after vacatur orders were reversed because the district court vacated them before they went into effect. Additionally, BNV's argument that *Weil II* applies only prospectively flies in the face of the Supreme Court's repeated warning that prospective application of laws is a doctrine that "smack[s] of the legislative process." *Harper*, 509 U.S. at 108. (internal quotation marks and citation omitted). Accordingly, this Court joins the other courts that have rejected the logic of *MCI*.

That the DOL said it would not bring enforcement actions until November 12, 2015 does not change the fact that the DOL Regulation went into effect on January 1, 2015. *See, e.g.*, Application of the Fair Labor Standards Act to Domestic Service; Announcement of Time-Limited Non-Enforcement Policy, 79 Fed. Reg. 60,974 (Oct. 9, 2014) ("The Department of Labor's . . . October 1, 2013, Final Rule amending regulations regarding domestic service employment . . . will become effective on January 1, 2015. The Department is not changing this effective date.") Numerous courts similarly have found that the delayed date of enforcement

7

"has no effect on when the rule actually became effective." *See, e.g.*, *Green*, 2017 U.S. Dist. LEXIS 162961, at *33; *Hypolite*, 2017 U.S. Dist. LEXIS 97897 at *5; *Lewis-Ramsey*, 215 F. Supp. 3d at 810.

The crux of BNV's argument appears to be that retroactive application of the DOL Regulation would be "unfair." (Def. Mot. at 4.) Yet, "it strikes the Court as far more 'unfair' to allow [BNV] to escape liability for nearly a year's worth of overtime wages based on a district court decision that was ultimately deemed to be error." *Lewis-Ramsey*, 215 F. Supp. 3d at 810. Indeed, it is difficult to see the unfairness to BNV when it was given ample notice of the change in the DOL's regulations: the changes to the rule were announced in 2013, but were not to go into effect until 2015. *See Kinkead*, 206 F. Supp. 3d at 755.

Accordingly, the Court finds that "there is no reason to depart from the general rule that all civil judicial decisions apply retroactively." *Green*, 2017 U.S. Dist. LEXIS 162961, at *10. *Weil II* therefore "nullified the D.C. District Court's vacatur of the third-party employer regulation," making the effective date January 1, 2015. *Id.*

## II.  Good Faith

In a footnote, BNV contends that it may "rely on the FLSA good faith defense as a complete defense to liability" because it relied on the D.C. District Court's ruling. (Def. Mot. at 4.) Section 259 of the FLSA provides that "no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act . . . if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States . . ." 29 U.S.C. § 259. A Section 259 defense "requires the employer to establish three

8

interrelated elements: (1) that its action was taken in reliance on a ruling of the Administrator; (2) that it was in conformity with that ruling, and (3) that it was in good faith." *Equal Employment Opportunity Comm'n v. Home Ins. Co.*, 6732 F.2d 252, 263 (2d Cir. 1982). An employer may be shielded from liability, then, when it can show that it relied in good faith on DOL policy. Section 259 does not save BNV from liability because it only applies to reliance on administrative pronouncements, not on judicial ones. Thus, the fact that BNV relied on the D.C. District Court's opinion is irrelevant for the purposes of Section 259.

### III. Supplemental Jurisdiction

BNV urges the Court to deny supplemental jurisdiction over the plaintiffs' NYLL claims. 28 U.S.C. § 1367 governs a district court's exercise of supplemental jurisdiction. Section 1367(a) states:

> "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

28 U.S.C. § 1367(a). Claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)). If Section 1367(a) is satisfied, then a district court may decline to exercise supplemental jurisdiction *"only if* founded upon an enumerated category of subsection 1367(c)." *Id.* (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998) (emphasis in original)). Section 1367(c) provides:

> "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>     (1) the claim raises a novel or complex issue of State law,

9

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c).

Here, as in *Shahriar*, "the NYLL and FLSA actions clearly derive from such a common nucleus of operative facts since they arise out of the same compensation policies of [BNV]." *Shahriar*, 659 F.3d at 245. As a result, Section 1367(a) is satisfied. Furthermore, none of the 1367(c) exceptions apply. The plaintiffs' claim that BNV failed to pay them "for overtime hours worked as required by 12 N.Y.C.R.R. § 142-2.2" does not raise a novel or complex issue of State law. (Compl. at ¶ 46.) Section 142-2.2 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of . . . the Fair Labor Standards Act . . . provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply." 12 N.Y. Comp. Codes R. & Regs. § 142-2.2. Whether the plaintiffs are exempt under Section 13 is a question of federal law because Section 142-2.2 incorporates part of the FLSA. The plaintiffs' claim that BNV committed wage statement violations also does not pose a uniquely difficult question of state law. (Compl. at ¶ 58.) That claim will turn on whether BNV provided plaintiffs with an accurate statement of wages as required under NYLL § 195(3).

Nor do the state law claims predominate. As explained above, the NYLL overtime compensation claim turns on the Court's analysis of the FLSA, and the wage statement claims form a smaller part of the case. At least at this juncture, the state law claims do not "overwhelm and swallow the relatively minor federal claims." *Phillips v. 180 Bklyn Livingston, LLC*, No. 17-CV-325 (BMC), 2017 WL 2178430, at *2 (E.D.N.Y. May 17, 2017). Finally, the Court has not

dismissed the FLSA claims over which it has original jurisdiction, nor does the case pose any "exceptional circumstances." The Court, therefore, exercises its supplemental jurisdiction over the NYLL claims.

## CONCLUSION

For the reasons stated above, BNV's motion to dismiss (Doc. No. 11) is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 13, 2018

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge